UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00405-FWS-DFM                                    Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY [13] [21]**

Before the court are two motions: (1) Plaintiff Michelle Lujano's ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion to Remand" or "Mot.") (Dkt. 13); and (2) Defendant Piedmont Airlines' ("Defendant") Motion for Leave to File Sur-Reply ("Motion for Leave") (Dkt. 21.)  Both Motions are fully briefed.  (*See* Dkts. 13, 19, 20, 21, 22.)  On May 18, 2023, the court held a hearing on the Motion to Remand and thereafter took the matter under submission.  (Dkt. 24.)  On June 13, 2023, the court found the Motion for Leave appropriate for resolution without oral argument and took the matter under submission.  (Dkt. 26.)  *See also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").[1]  Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion to Remand and the Motion for Leave.

---

[1] In the Motion for Leave, Defendant seeks leave to file a sur-reply to "address new arguments raised for the first time in [Plaintiff's] Reply, as well as incorrect statements of fact and law." (Dkt. 21 at 1.)  Plaintiff opposes the Motion for Leave on the grounds that Plaintiff's Reply simply responds to arguments raised in Defendant's Opposition.  (Dkt. 22.)  The court agrees with Plaintiff that a sur-reply is not necessary to decide the Motion for Remand.  Accordingly, the court **DENIES** the Motion for Leave.  *See, e.g., Great Am. Ins. Co. v. Berl*, 2017 WL

**CIVIL MINUTES – GENERAL**                                                                                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00405-FWS-DFM                                    Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

## I. Background

On January 26, 2023, Plaintiff filed a First Amended Complaint ("FAC") against Defendant in Orange County Superior Court in this putative class action alleging Defendant failed to pay overtime wages, provide accurate itemized wage statements, and timely pay all wages in violation of the California Labor Code.  (Dkt. 1-8.)  Plaintiff is a former employee of Defendant and worked as a customer service agent at the Long Beach Airport in Long Beach, California.  (FAC ¶ 6.)  Plaintiff seeks to represent a class comprised of "[a]ll of Defendant's current and former non-exempt employees who were subject to Defendant's policy of paying overtime only after working 40 hours in a workweek in the State of California at any time from November 14, 2018, through the present."  (*Id*. ¶ 16.)

On March 7, 2023, Defendant removed the action to federal court on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Dkt. 1.)  Plaintiff now challenges whether the removal was timely and if the amount in controversy requirement has been met.  (*See generally* Dkt. 19 ("Opposition" or "Opp.").)

## II. Legal Standard

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  CAFA generally permits a federal district court to exercise subject matter jurisdiction over a putative class action in which: (1) the amount in controversy exceeds $5,000,000; (2) the number of members of all purported classes of plaintiffs totals 100 or more persons; and (3) any member of a proposed class of plaintiffs differs in citizenship from

---

8180627, at *1 (C.D. Cal. Oct. 23, 2017) ("[C]ourts should allow a sur-reply only when a valid reason for additional briefing exists, such as when the reply brief raises new arguments that require some additional response, or the sur-reply appears to clarify many of the movant's positions.") (internal quotation marks omitted).

**CIVIL MINUTES – GENERAL**                                                                                   2

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00405-FWS-DFM | Date: September 6, 2023 |
| Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.* | |

any defendant. 28 U.S.C. § 1332(d); *Dart Cherokee*, 574 U.S. at 84-85. "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89.

    a. Timeliness

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. Additionally, 28 U.S.C. § 1446 sets forth timing requirements on when an action can be removed:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §§ 1446(b)(1), (3).

In *Roth v. CHA Hollywood Med. Ctr., L.P*, the Ninth Circuit held that "[Sections] 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." 720 F.3d 1121, 1125 (9th Cir. 2013). In other words, "a notice of removal [must] be filed within thirty days of receipt from the plaintiff of an initial pleading *or* other document from which it is ascertainable that the case is removable." *Id.* at 1124 (emphasis added). Accordingly, "a defendant who has not lost the right to remove because of a failure to timely

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00405-FWS-DFM                  Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." *Id*. at 1123; *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) ("[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under [28 U.S.C.] § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable pursuant to CAFA . . . .") (citations and internal quotation marks omitted).

       b. **Amount in Controversy**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). In the absence of an amount in controversy alleged in a complaint, "a defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87). "When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Jauregui*, 28 F.4th at 992 (quoting *Dart Cherokee*, 574 U.S. at 88). "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Id.* at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)). Assumptions must have "some reasonable ground underlying them," and "may be reasonable if [they are] founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citations and internal quotation marks omitted).

In summary, the Ninth Circuit has set forth "three principles that apply in CAFA removal cases." *Id.* at 922. "First, a removing defendant's notice of removal 'need not contain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00405-FWS-DFM　　　　　　　　　　　　　　Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id.* (quoting *Ibarra*, 775 F.3d at 1197). "Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id.* (citing *Ibarra*, 775 F.3d at 1197-99). "Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id.* (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). After a removing defendant alleges the amount in controversy requirement is met, "the plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020)).

"A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter*, 974 F.3d at 964 (9th Cir. 2020) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In evaluating a facial attack, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite*, 749 F.3d at 1121)*; see also Leite*, 749 F.3d at 1121 ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.").

By contrast, "[a] factual attack 'contests the truth of the . . . allegations' themselves." *Harris*, 980 F.3d at 699 (alteration in original). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Id.* "Both parties may submit evidence supporting the amount in controversy before the district court rules." *Harris*, 980 F.3d at 699 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00405-FWS-DFM            Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

### III. Discussion

#### a. Defendant's Removal Is Timely

The court first considers whether Defendant's removal of this action is timely. Plaintiff argues Defendant's removal on March 7, 2023, was untimely because Plaintiff filed and served the Complaint on November 17, 2022, and filed and served the FAC on January 26, 2023. (Mot. at 8-9.) Plaintiff argues the FAC did not add any claims or allegations that would create federal jurisdiction and as such, Defendant should have removed the action within thirty days of service of the Complaint, or by December 16, 2022. (*Id*. at 9.) Defendant argues it could not ascertain removability from the face of the Complaint or the FAC and it removed the action after conducting its own investigation, which included review of personnel files and wage records. (Opp. at 3-7.) According to Defendant, after completing its own investigation, it determined that the amount in controversy exceeded $5,000,000 and thereafter removed the action. (*See* Notice of Removal (Dkt. 1-1) at 2-4; Opp. at 3-7.)

In this case, the court finds the Complaint and FAC did not put Defendant on notice of the case's removability. (*See generally* Dkts. 1-1; 1-8.) The Complaint asserted violations of the California Labor Code and Business and Professions Code and sought damages exceeding $25,000. (Dkt. 1-1.) The FAC asserted the same violations and damages, and added a new claim under the Private Attorneys General Act, Cal. Labor Code Section 2698 *et seq*. (Dkt. 1-8.) Thus, under *Roth* and *Kenny*, Defendant was not required to remove to federal court within thirty days of being served with the initial pleading or other document from which removal was ascertainable. *See, e.g., Roth*, 720 F.3d at 1124-25.

Instead, Defendant was permitted to remove when it discovered "based on its own investigation, that a case is removable pursuant to CAFA." *Kenny*, 881 F.3d at 791. Defendant does not clearly state when it completed its investigation of employee records, but indicates the investigation was completed during an approximately two-month window of time between January 6, 2023—when the Complaint was served—and March 7, 2023—when the action was removed. (*See generally* Dkt. 1; Dkt. 1-10 (March 7, 2023, Declaration of James Jackson); Dkt.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00405-FWS-DFM                                    Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

___

19-2 (April 27, 2023, Declaration of James Jackson).) However, the court observes the exact time an investigation was completed does not determine whether a CAFA removal is timely. *See Roth*, 720 F.3d at 1126 ("[I]n a CAFA case, there is no such time limit. A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered."). Based on the record before the court, the court finds Defendant's removal was timely.

### b. Defendant Has Met Its Burden to Show an Amount in Controversy Requirement of at Least $5,000,000

The court next considers whether the amount in controversy requirement of $5,000,000 is satisfied. Plaintiff asserts a factual attack against Defendant's calculations and argues Defendant incorrectly defined the class, improperly included damages for a minimum wage claim and related penalties, and improperly assumed an overtime violation rate of 40 percent. (Mot. at 13-14; Reply at 6-10.) Plaintiff offers two alternative calculations of the amount in controversy of either $3,801,921.80 or $2,328,721.80. (*Id.*)

"When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris*, 980 F.3d at 699. "Both parties may submit evidence supporting the amount in controversy before the district court rules." *Harris*, 980 F.3d at 699 (citations omitted). For the reasons discussed below, the court finds Defendant has met its burden of showing that the amount in controversy is at least $5,000,000 by a preponderance of the evidence.

Defendant argues the amount in controversy requirement is satisfied based on its calculations and assumptions. (*See generally* Opp.; April 27, 2023, Jackson Decl.) Defendant assumes Plaintiff's proposed class includes all of Defendant's current and former non-exempt employees in California during the class period of November 14, 2018, to the present. (Opp. at 7.) Defendant also assumes, based on its records, that there were an average of 232 individuals in the class during each year of the class period, the average hourly rate paid was $17.41, and

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00405-FWS-DFM                              Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

each individual worked an average of 49 weeks per year after subtracting absence, sick leave, and vacation.  (*Id.*)  Based on these assumptions, Defendant calculates damages as follows:

- Unpaid Overtime Wages:  Defendant estimates there are 211 workweeks (the beginning of the class period to the filing of the Complaint) multiplied by 232 employees (the average number of individuals in the class per class year), resulting in 48,952 work weeks.  Defendant further estimates a 40 percent violation rate (i.e. two hours of unpaid overtime per week) and an overtime rate of $8.70 (half of the average hourly rate of $17.41).  Defendant estimates **$851,764.80** in total unpaid overtime wages ($8.70 x 48,952 workweeks x 2 hours).

- Unpaid Minimum Wages:  Defendant estimates there are 48,952 relevant work weeks (211 workweeks multiplied by 232 employees).  Defendant further estimates a 40 percent violation rate (i.e., two hours of unpaid minimum wage per week) and an hourly minimum wage rate of $12.50.  Defendant estimates **$1,223,800** in total unpaid minimum wages ($12.50 x 48,952 workweeks x 2 hours).

- California Labor Code Section 1197.1 Penalties:  Defendant maintains California Labor Code Section 1197.1 imposes a $100 penalty for unpaid wages for an initial violation and a $250 penalty for each subsequent violation in a pay period.  Defendant estimates initial violation penalties of $23,200 ($100 x 232 employees).  Defendant further estimates subsequent violation penalties of $1,450,000 ($250 x 232 employees x 25 pay periods).  Defendant estimates total unpaid wage penalties of **$1,473,200** ($23,200 + $1,450,000).

- California Labor Code Section 203 Waiting Time Penalties:  Defendant maintains California Labor Code Section 203 imposes a penalty of up to thirty days of wages for an employer who fails to pay the wages of an employee who is discharged or quits.  Defendant estimates at least 423 non-exempt employees were discharged, terminated, or retired during the class period.  Defendant further estimates each

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00405-FWS-DFM                       Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

___

employee's daily wages would be $139.28 per day ($17.41 x 8 hours per day) and thirty days of wages would be $4,178.40 ($139.28 per day for thirty days). Defendant estimates total waiting time penalties of **$1,767,463.20** ($4,178.40 per employee x 423 employees).

- California Labor Code Section 226 Wage Statement Penalties:  Defendant maintains California Labor Code section 226(a) imposes a $50 penalty for failure to provide accurate itemized wage statements for an initial violation and $100 for each subsequent violation in a pay period, with aggregate penalties not to exceed $4,000 per employee.  Defendant estimates initial violation penalties of $11,600 ($50 x 232 employees) and subsequent violation penalties of $580,000 ($100 x 232 employees x 25 pay periods).  Defendant estimates total wage statement penalties of **$591,600** ($11,600 + $580,000).

- Attorneys' Fees:  Defendant estimates twenty-five percent of the awarded damages could be awarded as attorneys' fees, and thus estimates **$1,476,957** in attorney's fees ($5,907,828 in aggregate damages x 25 percent).

In summary, Defendant calculates an amount in controversy of **$7,384,785**.  (Opp. at 13-17.)

As stated above, Plaintiff challenges Defendant's calculations on the grounds that they improperly include: (1) all non-exempt employees, which could include employees who did not work at least 40 hours per week per the class definition; (2) penalties under California Labor Code Section 1197.1; and (3) minimum wage claims.  (Mot. at 13-14; Reply at 6-10.)  Plaintiff also argues Defendant improperly assumes a 40 percent violation rate for overtime violations.  (*Id.*)  For the reasons discussed below, the court is not persuaded by Plaintiff's arguments that Defendant's calculations rely on incorrect or unreasonable assumptions.

First, as to whether Defendant has incorrectly interpreted Plaintiff's proposed class definition, the court finds no error.  Per the FAC, the putative class is defined as "[a]ll of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-00405-FWS-DFM            Date: September 6, 2023
Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.*

Defendant's current and former non-exempt employees who were subject to Defendant's policy of paying overtime only after working 40 hours in a workweek in the State of California at any time from November 14, 2018, through the present." (FAC ¶ 16.) Defendant includes all non-exempt employees in California during the class period, or approximately 232 employees, in its calculations.[2] (Opp. at 7.) Defendant's estimate is based on the declaration of James Jackson, Defendant's director of payroll, who states that all of Defendant's non-exempt employees in California are subject to the same overtime policy. (*See* Dkt. 19-1 (April 27, 2023, Jackson Decl.) ¶ 9) ("All of Piedmont's non-exempt employees in the state of California are subject to the same policy for payment of overtime wages."). Defendant's estimate is also based on its review of payroll records during the class period. (*Id.*) Accordingly, the court finds Defendant's assumption of 232 non-exempt employees is neither based on incorrect data nor unreasonable assumptions. *See Rodriguez v. Com. Distribution Co. LLC*, 2022 WL 16572311, at *2 (C.D. Cal. Oct. 31, 2022) (finding no error where defendants based their estimate of the putative class size on "the Complaint's clear definition of its putative class").

       Second, as to whether Defendant properly included penalties under California Labor Code Section 1197.1 and minimum wage claims, the court finds these claims were included in the operative FAC. (*See generally* FAC.) For example, Plaintiff pleads a violation of California Labor Code Section 1197.1 under the first cause of action and seeks associated penalties. (*Id.* ¶ 27) (asserting violations of California Labor Code Sections 201-203, 510, 1194, 1197, and 1197.1); (*id.*; Prayer for Relief) (seeking penalties for violations of Section 1197.1). Plaintiff also pleads violations of Sections 1194 and 1197, which require employers to pay minimum wages. (*Id.* ¶ 27.) Claims under Sections 1194 and 1197 are typically construed as claims for unpaid minimum wages. *See Bruno v. U.S. Renal Care, Inc.*, 2022 WL 2439525, at *1 (C.D. Cal. July 5, 2022) (describing claims under Sections 1194 and 1197 as claims for "unpaid minimum wages"). Accordingly, the court finds Defendant properly included penalties

---

[2] The court also observes that CAFA jurisdiction does not attach where there are fewer than 100 proposed plaintiffs. *See* 28 U.S.C. § 1332(d)(5)(B).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00405-FWS-DFM | Date: September 6, 2023 |
| Title: Michelle Lujano v. Piedmont Airlines, Inc. *et al.* | |

under California Labor Code Section 1197.1 and minimum wage claims in its calculation of the amount in controversy.

Third, as to whether Defendant improperly assumed a 40 percent violation rate for overtime violations, the court finds Defendant's assumption is reasonable given the FAC's allegations that Defendant engaged in "systematic illegal employment practices" and a "pattern and practice" of committing overtime violations. (FAC ¶¶ 2, 28.) *See Andrade v. Beacon Sales Acquisition, Inc.*, 2019 WL 4855997, at *4 (C.D. Cal. Oct. 1, 2019) (finding assumptions of two hours of unpaid overtime per week were reasonable where the violation rate was "grounded in the broad allegation that these violations occurred as matters of policy and/or practice and . . . allegations involving Defendants' various schemes to underpay employees"). Accordingly, the court finds Defendant reasonably assumed a 40 percent violation rate for overtime violations.

In summary, Defendant's calculations of an amount in controversy of an amount in controversy of $7,384,785 are based on the allegations of the FAC and information provided in the declaration of Defendant's director of payroll. (Opp. at 13-17.) Accordingly, the court finds Defendant has met its burden to show "by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris*, 980 F.3d at 699. Because the court finds the Motion to Remand is timely and the amount in controversy exceeds the $5 million jurisdictional threshold, the Motion to Remand is **DENIED**.

## IV. Disposition

For the reasons set forth above, the Motion to Remand and Motion for Leave are both **DENIED**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku